# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41129
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE IGNACIO ACOSTA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1860

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jose Ignacio Acosta appeals the 140-month sentence imposed following his guilty plea conviction of conspiracy to possess with intent to distribute five kilograms or more of cocaine. He argues that the district court erred by applying two, two-level enhancements to his base offense level.

"[The] district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings . . . are reviewed for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41129

clear error." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (internal quotation marks and citation omitted).

Acosta challenges the district court's application of the two-level enhancement set forth in U.S.S.G. § 3B1.1(c). A defendant qualifies for a two-level adjustment in offense level if he was an organizer, leader, manager, or supervisor in any criminal activity. § 3B1.1(c). The record reflects that Acosta hired drivers, negotiated payments for delivery drivers, stored cocaine, and coordinated deliveries for a large drug trafficking organization. Acosta's argument that he was the "low man" in the scheme is unavailing as there "can also be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." *United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001). The district court's finding that Acosta acted as a coordinator or manager of a criminal activity is plausible in light of the record. *See United States v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012). Thus, the district court did not clearly err by assessing an aggravating role enhancement under § 3B1.1(c). *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013).

The district court also imposed a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12), based on a determination that Acosta maintained a premises for the purpose of manufacturing or distributing a controlled substance. Acosta argues that the premises, which was owned by his father, was primarily used as his residence and that the presence of drugs or drug trafficking activity was incidental to its primary use. However, the district court's finding that Acosta maintained the premises for the purposes of distributing a controlled substance was plausible in light of the record. *See Alaniz*, 726 F.3d at 618; *United States v. Morgan*, 117 F.3d 849, 857 (5th Cir. 1997). Thus, the district court did not err by applying the enhancement. *See Alaniz*, 726 F.3d at 618.

The judgment of the district court is AFFIRMED.

2